UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHUKWUMA E. AZUBUKO,

    *Plaintiff*,

v.

PARKING OFFICER NO. 241, *et al.*,

    *Defendants*.

Civil Action No. 20-3383 (RDM)

## MEMORANDUM OPINION

Plaintiff Chukwuma E. Azubuko, proceeding *pro se*, brought this action against two defendants, "Parking Officer No. 241" and "Parking Clerk – City of Boston," alleging discrimination in violation of the Fifth and Fourteenth Amendments of the Constitution, as well as a number of federal laws and Massachusetts state laws. Dkt. 1 at 1–2. According to Plaintiff, on June 9, 2020, he "woke up and noticed a parking violation affixed to his car's windshield for parking [in] an alleged 'loading[] zone.'" *Id.* at 1. Plaintiff wrote to the defendant parking clerk "to nullify the malicious and discriminatory citation," a hearing ensued, and the Hearing Officer dismissed the ticket and gave Plaintiff a warning not to park in the loading zone. *Id.* at 1, 13. Plaintiff now asks this Court "to order [a] moratorium on parking citations in the City of Boston" and seeks compensatory and punitive damages "in the amount of $1 [million] and $1.5 [million]." *Id.* at 3–4.

Complaints by *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* litigant, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires

that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  This requirement "ensures that the opposing party will receive 'fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Jones v. Changsila*, 271 F. Supp. 3d 9, 21 (D.D.C. 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).  "Where a complaint is insufficiently focused, it places an undue burden on the defendant to answer or move[,] and it invites unnecessary delay and confusion in the proceedings."  *Achagzai v. Broad. Bd. of Governors*, 109 F. Supp. 3d 67, 71 (D.D.C. 2015).  In addition, Rule 12(b)(6) entitles an opposing party to dismissal if the complaint "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff's complaint fails to comply with Rules 8 and 12(b)(6) because it does not allege any facts that would allow the Court to discern the substance of Plaintiff's claims or to determine whether, if true, his allegations would entitle him to relief.  *See Brown v. Wash. Metro. Area Transit Auth.*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016).  The Court will, therefore, *sua sponte* dismiss the complaint without prejudice.  *See Fontaine v. JPMorgan Chase Bank, N.A.*, 42 F. Supp. 3d 102, 109 n.3 (D.D.C. 2014).

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  December 9, 2020