UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHUKWUMA E. AZUBUKO,

   *Plaintiff*,

 v.

PARKING OFFICER NO. 241, *et al.*,

   *Defendants*.

Civil Action No. 20-3383 (RDM)

### MEMORANDUM OPINION

  Plaintiff Chukwuma E. Azubuko, who lives in Suffolk County, Massachusetts, Dkt. 5 at 4, and is proceeding *pro se*, brings this case to challenge the grounds on which he received a parking ticket in Boston from two unnamed defendants, "Parking Officer No. 241" and "Parking Clerk – City of Boston," Dkt. 1 at 1–2. He alleges discrimination and other illegal activity in violation of several Constitutional amendments, as well as a number of federal laws and Massachusetts state laws. Dkt. 5 at 6–7. On December 9, 2020, the Court dismissed Plaintiff's complaint for failure to comply with Federal Rules of Civil Procedure 8 and 12(b)(6). Dkt. 2; Dkt. 3. On February 1, 2021, Plaintiff moved to amend his complaint. Dkt. 4. The Court granted Plaintiff leave to amend but cautioned that his amended complaint must "(1) identify a defendant by name so that a summons may issue, pursuant to Federal Rule of Civil Procedure 4(b); (2) explain why venue is proper in the District of Columbia; and (3) state a claim under federal law sufficient to sustain the Court's subject matter jurisdiction." Minute Order (Feb. 2, 2021).

  Plaintiff's amended complaint, Dkt. 5, addresses none of these issues. Plaintiff does not name a defendant but requests that the Court authorize pre-service discovery to allow

Plaintiff to learn the identity of the Boston employee with badge number 241. *Id.* at 1–2. For the reasons explained below, the Court will dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6) and will deny Plaintiff's request for pre-service discovery as futile.

      To start, the amended complaint, once again, does not contain a "short and plain statement of [Plaintiff's] claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a). Although the amended complaint mentions a raft of laws, Dkt. 5 at 6–7, it offers no coherent theory or explanation for how any of them apply to the issuance of the parking ticket at issue here, which Plaintiff apparently was not even required to pay. *See* Dkt. 1 at 1 (explaining that Plaintiff "woke up and noticed a parking violation ticket affixed to his car's windshield"); *id.* at 13 (hearing disposition dismissing the ticket). Nor does Plaintiff explain how a parking ticket—paid or unpaid—would entitle him to the substantial damages and extraordinary injunctive relief he seeks, *see id*. at 3–4 (asking "the Court to order [a] moratorium on parking citations in the City of Boston" and seeking damages of $1 million and $1.5 million), or, indeed, how an unpaid parking ticket could have resulted in a cognizable injury for purposes of Article III. Accordingly, the amended complaint does not satisfy Rule 8's goal to "ensure[] that the opposing party will receive 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Jones v. Changsila*, 271 F. Supp. 3d 9, 21 (D.D.C. 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

      For similar reasons, the amended complaint also runs afoul of Rule 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Neither Plaintiff's

original complaint nor his amended complaint alleges facts that would allow the Court to discern the substance of Plaintiff's claims or to determine whether, if true, his allegations would entitle him to relief. *See Brown v. Wash. Metro. Area Transit Auth.*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016).

Finally, the Court is unpersuaded that it should authorize pre-service, third-party discovery regarding the identity of "Parking Officer No. 241." Most significantly, the amended complaint fails to state a claim, and identifying the unnamed defendants would do nothing to resolve that difficulty. Moreover, even if the complaint stated a claim, it is unlikely that pre-service discovery would advance the resolution of the case. To be sure, improper venue is a waivable defense, *see Neirbo Co., v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939), but, even if the Court were to authorize pre-service discovery to permit Plaintiff to identify the unnamed defendant, it is highly unlikely that Plaintiff's amended complaint would survive a motion to dismiss for improper venue, see Fed. R. Civ. P. 12(b)(3). "The question whether venue is proper 'is generally governed by 28 U.S.C. § 1391,' which 'states that [e]xcept as otherwise provided by law . . . this section shall govern the venue of all civil actions brought in district courts of the United States.'" *King v. Caliber Home Loans, Inc.*, 210 F. Supp. 3d 130, 135 (D.D.C. 2016) (emphasis omitted; alteration in original) (quoting *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 55 (2013)). Thus, "the court must determine whether the case falls within one of the three categories set out in § 1391(b)" to determine if venue is proper. *Id.* That provision provides that venue is proper in the district "in which any defendant resides, if all defendants are residents of the [s]tate in which the district is located;" in the district "in which a substantial part of the events or omissions giving rise to the claim occurred;" or, if no such district exists, "any judicial

district in which any defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(b). Here, it is very unlikely that either of the unnamed defendants, Boston municipal employees, lives in the District of Columbia, and none of the events at issue took place in the District of Columbia. Other than an unsupported allegation that he "cannot get justice from" the United States District Court for the District of Massachusetts, Dkt. 5 at 4, Plaintiff has offered no reason why the case should be brought here. As a result, and because, in any event, the amended complaint fails to satisfy Rules 8 or 12(b)(6), permitting pre-service discovery would be futile.

      The Court will, therefore, *sua sponte* dismiss the amended complaint and will deny Plaintiff's request for pre-service discovery.

      A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: March 4, 2021